No. 2031.—T. BARNETT, Wife, etc., *v.* P. BERNSTEIN, Tutor, et al.

A judgment of the court ordering a partition of succession property in kind, to be made in conformity with a report of experts and demanded by all parties in interest, will not be set aside because a new inventory and appraisement was not made, as required in such cases by article 1248, Civil Code.

APPEAL from the Second District Court for the parish of Orleans. *Duvigneaud, J.* *Hyman, Wallace & Handlin,* for opponents and appellants. *E. Howard McCaleb,* for appellees.

HOWELL, J. There being no sufficient evidence before us that the appellants have voluntarily executed the judgment appealed from, and the matter in dispute being over five hundred dollars, there is no ground for dismissing the appeal, and the motion is overruled.

The appeal is taken from a judgment dismissing an opposition to the homologation of an act of partition before a notary, under a judgment of the court ordering it to be made and referring the parties to said notary.

The only ground of opposition which can be considered on this appeal is the failure to make an inventory within the twelve months preceding of the property to be partitioned, which consisted of two houses and lots, which the record shows were considered by both parties to be of equal value and were held in common by two owners, the plaintiff on the one part and the heirs of her deceased sister, Mrs. Bernstein, on the other.

The object of the law in requiring a recent inventory is to secure an equal and just partition of the property in value, but where the parties agree, and other evidence shows, as in this case, that the lots or portions are equal, and there is nothing to show a suggestion from any party that the value is different from that in the last inventory taken, or that a new appraisement was demanded, the omission to make a formal inventory by a notary is not fatal.

Article 1249 says: It is in the case prescribed in the preceding article that the judge is bound to order a new appraisement. The exact conditions contained in that article (1248) do not appear in this proceeding.

Both parties seem to have demanded a partition in kind, prayed the appointment of experts to report thereon, and asked to be referred to

a notary. No demand was made for a new inventory and no fraud is suggested. The experts were appointed, and they reported in favor of a partition in kind of the two pieces of property, and the judge rendered a judgment decreeing a partition and directing the property to be divided into equal parts—one to plaintiff and the other to the heirs of Mrs. Bernstein. This judgment has become final. In the act of partition the value of each property is stated to be $11,000. All the special tutors to the heirs of Mrs. Barstein, who are lawyers, signed this act.

Under these circumstances, we think the objection should not prevail. No good purpose would be served by another act of partition.

Judgment affirmed.