## No. 9031.

### DAVID C. PAUL VS. HEIRS OF P. LAMOTHE.

A partition of a tract of land, made under a decree of the Supreme Court affirming that below, if attackable, can be attacked only in a direct action for its annulment.

The details for making partitions prescribed with minuteness in the Civil Code are made with special reference to partitions of successions. When a partition is sought between co-owners of property who are not co-heirs, the general rules thus prescribed will govern, but such details as are manifestly inapplicable will not be considered sacramental.

APPEAL from the Twelfth District Court, Parish of Rapides. *Barbin,* J.

---

*R. J. Bowman* for Plaintiff and Appellee.

*Andrews & Foster* and *W. W. Whittington* for Defendants and Appellants.

---

The opinion of the Court was delivered by

MANNING, J.    Polycarp Lamothe and his wife Editha owned a plantation in community.    After the death of both, their respective successions were separately opened, and proceedings were had for the partition of the land between them, which terminated by a judgment of this Court affirming that of the lower court ordering a partition.    The case is indexed as Bynum administrator v. Bynum among the unreported decisions in 26 A. for 1874.    Editha's half was then sold for payment of her debts, and was bought by Hickman who sold to Paul the plaintiff.

Polycarp's half was owned by six heirs. Paul bought the shares of three of them, and brings this suit against the other three for the partition of that moiety of the land which fell to Polycarp's succession in the first partition. One only of these three heirs was resident in the parish, who does not resist the partition. The other two reside out of the State, and for them curators were appointed who defended the suit.

One of the grounds of resistance is that there has been no partition between Polycarp and Editha's successions. Sundry informalities of that partition are set up which, it is urged, vitiate it, and stamp the proceedings with a nullity.

If it is not too late to attack that partition after the suit has progressed through its several stages to a decree of the court of the last resort, it could be done only by a direct action for its annulment. There is no allegation or proof of inequality in that partition, or of injury resulting therefrom. We must treat this first partition as a finality now.

Another objection is that no inventory has been taken in the present suit, whereas the Code rigorously prescribes that every judicial partition must be preceded by an inventory. Rev. Civ. Code, art. 1324. No inventory was needed as we shall see further along. The only provisions we have for partitioning property are under the head of successions. It does not seem even to have occurred to the redactors or revisers of our Code that real property is often held in indivision that does not belong to a succession, and may never have belonged to one. The present case is an instance of partition being sued for between co-owners who are not co-heirs, but must necessarily be conducted by the only rules we have on the subject unless they are manifestly inapplicable.

The first step to be taken in a partition of a tract of land is to ascertain whether a division in kind is practicable without a serious diminution of its value, or loss or inconvenience of one of the owners. Rev. Civ. Code, art. 1340. Experts are appointed by the court to report on this special subject. They reported in this case that a division in kind could not be made without such diminution in value and loss to each of the owners. Upon the presentation of this report, testimony was offered by both sides and the witnesses confirmed the report of the experts, which was therefore homologated. But one thing remained for the court to do. The parties could not be compelled to hold in indivision. Rev. Civ. Code, art. 1289. The property was not divisible in kind without injury. Nothing could be done but decree a partition by

licitation. Ibid. art. 1339. A sale was accordingly ordered, and from that judgment the appeal is taken.

It is manifest that an inventory, the sole item of which would be this tract of land, could have served no purpose whatever. It could not have guided the experts or informed the court on the initial question of the divisibility or indivisibility of the land. An appraisement will be needful now since none has been made within a year, and for that the Code provides. Ibid. arts. 1325-6.

Judgment affirmed.