Beer et al. vs. Leonard.

## No. 10,198.

### HENRY BEER ET AL. vs. W. B. LEONARD.

Good faith and possession are not sufficient to acquire immovable property by the prescription of ten years.

A title sufficient in form to transfer immovable property is required as the basis of prescription.

A purchaser of immovable property cannot be judicially coerced to accept a doubtful title.

| 40 | 845 |
| 45 | 1277 |
| 40 | 845 |
| 49 | 582 |
| 40 | 845 |
| 110 | 829 |

APPEAL from the Civil District Court for the Parish of Orleans.
*Tissot*, J.

*Omer Villeré* for Plaintiffs and Appellants.

*Bayne, Denegre & Bayne* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.   The object of plaintiffs in this suit is to enforce an agreement of the defendant to purchase from them a piece of immovable property, which they hold by purchase from one Francisco Pippo, effected in August, 1881.

The defense rests on the alleged deficiency of Pippo's title; and it was sustained below.

It appears from the record that Pippo's muniments of titles are as follows: to one-half of the property, by purchase, in the year 1871, from Joseph Spoturino, then the owner of the whole estate; and to the other half by purchase at a public sale from the succession of said Spoturino, as shown by an authentic act of sale executed in March, 1878.

Met by the allegation in defendant's answer, and being aware, that the projected sale of April, 1871, to Francisco Pippo, had never been signed by Spoturino, or by the notary who had drawn the same; and met also by the allegation of nullity of the proceedings which led to the sale of March, 1878, plaintiffs then pleaded the prescription of five and ten years, on which they rest their respective titles to each distinct undivided half of the property.

Plaintiffs' main error consists in their attempt to trace their title to the entire property to the sale made in the settlement of the succession of Spoturino.   That sale was ordered at the instance of the public administrator, in charge of the succession, for the alleged purpose of effecting a partition of the property admitted to belong in equal portions to Pippo and to the succession.   At that sale the adjudication of the entire property was made to Pippo for $825, but as he claimed to already own the one-half, he paid in but half of the price of adjudication, and he therefore obtained, in terms and in fact, the transfer of but one-half of the property at the authentic sale made to him by the administrator on the 21st of March, 1878.

By the very terms of that sale, and throughout all the proceedings had in the settlement of the Spoturino succession, it is undoubtedly apparent that nothing was intended to affect the status of the other half of the property of which Pippo then claimed the ownership, and of which

Beer et al. vr. Leonard.

he was in undisputed possession. His title to that half must therefore be traced to some other source, and plaintiffs are manifestly in error in their reliance on the partition sale.

Conceding, therefore, as the record shows, that Pippo's possession dates from April, 1871, and that he was in perfect good faith, the question at once presents itself whether he can acquire title through the prescription of ten years by possession and good faith alone.

The question is answered in the negative by the textual provisions of the Code which regulate that term of prescription.

Article 3478 reads: "He who acquires an immovable in good faith and by a just title, prescribes for it in ten years."

Article 3479 prescribes the conditions on which such an object can be accomplished, and one of them is: "A title which shall be legal, and sufficient to transfer the property."

Now Articles 2275 and 2440 of the Civil Code contain the requirements of title so as to effect a legal transfer of immovable property, and in substance require that it must be in writing. Barrow vs. Wilson, 38 Ann. 209; Pattison vs. Maloney, 38 Ann. 885; Hall & Toomer vs. Mooring, 27 Ann. 596.

It therefore appears from the record that Pippo had no title legal in form to the half of the property of which he had possession since 1871. Plaintiffs could acquire no other or better title than he himself had. Hence, the defendant must be justified in refusing the title which is tendered to him.

As it is herein shown that Pippo had acquired no title to that half of the property through the partition sale of 1878, it follows that the plea of prescription of five years cannot avail plaintiffs; and their failure to establish a valid title to one-half of the property obviates the necessity of discussing the *status* or validity of their title to the other undivided half.

We note and have duly considered the argument that the heirs of Spoturino might be estopped by the judicial admissions of the public administrator, and by other proceedings had in the settlement of his succession, from denying or contesting the alleged title of Pippo which was therein admitted, and we do not wish to be understood as expressing any opinion on such an issue. It was incumbent on plaintiffs under the law to tender a title free of all clouds or doubts, and his purchaser cannot be coerced to accept a title suggestive of future litigation on the very face of the papers.

The judgment appealed from is therefore affirmed, with costs.