### No. 11,540.

### W. C. LYMAN VS. C. B. STROUDBACH.

The tutrix, who is the widow in community, who administers the succession as tutrix, and who provokes the sale of the succession property as minor's property, can not thus destroy the minor's mortgage on her undivided half of the property.   Such a sale can not be assimilated to an administrator's sale to pay the debts of the succession.

The minor's mortgage operates on the immovable property of the tutor during the entire tutorship.

A vendee can not be compelled to accept title to property which suggests future serious litigation.

APPEAL from the Civil District Court for the Parish of Orleans.
Theard, J.

---

*Henry P. Dart* for Plaintiff, Appellee.

---

*Frank Zengel* for Defendant, Appellant.

---

The opinion of the court was delivered by

McENERY, J. This is a suit to compel the defendant to accept title to two lots of ground purchased from plaintiff.

The property was formerly owned by John Reilly and Cecelia Bleakley, his wife, as community property.   John Reilly died in 1884, and his widow opened his succession and qualified as natural tutrix of the minors, John and Cecelia Reilly.   The succession was administered by the tutrix.   The succession was in debt.

The tutrix applied for the sale of the succession property or a part of it, and in her petition made the following allegations:

"That the minors are in necessitous circumstances; that the property owned by them does not produce a revenue sufficient for their support and maintenance, nor to pay City and State taxes on the immovable property; that it is to the interest of the said minors, of ab-

solute necessity and to their evident advantage, that all, or a portion at least, of the immovable property owned by them should be sold according to law, to procure means for their support and mainten- ance, and to prevent the sale of said immovable property for taxes, which is threatened by the State Tax Collector of the upper district of this parish.''

On her application a family meeting was assembled to deliberate upon the necessity for the sale of the property. The order was granted, the family meeting held and advised the sale of the prop- erty to the highest bidder. Kingsbury Lane bought it for two thousand one hundred dollars. After this sale of the property the public administrator administered the suc ession and received the price of the adjudication. Lane took a rule on the tutrix and under- tutor, in which he alleged the manner in which he had acquired title to the property, and that the minors' mortgage bore on one-half the community property and should be canceled. Under the rule the mortgage of the minors was canceled, so far as it affected the prop- erty purchased by Lane.

The plaintiff, Lyman, brings this suit to compel the defendant to accept title, who declined to complete his purchase, on the ground that the title to the property is not good; that the minors' mortgage on the same has not been legally canceled and still exists.

The plaintiff's contention is that the property was administered by the tutrix, and that the sale by her was like the sale of an adminis- trator to pay debts. This would be a correct statement of the law if such were the fact. He also relies upon the fact that the public ad- ministrator administered upon the property and received the price. This can not operate as an administrator's sale in the first instance. If the sale was in fact a sale of the minors' property, no subsequent act of administration could have the effect of destroying the minors' mortgage.

The petition for the sale and the deliberations of the family meet- ing were for the sale of the minors' property for their immediate benefit. Their title to one-half the property was vested in the pur- chaser; but there was no proceeding that in any way affected their mortgage on the tutrix' property, the other half of the community.

On her application minors' property was sold, in which she had an undivided half interest. The mortgage continued on her half interest to secure not only the amount which she ought to have received from

the adjudicatee, but for the further accounting for money which she might receive in the future administration of the tutorship.

The record does not show that all the community property was sold to pay debts of the succession, but that the minors' interest was sold for the minors' benefit. Whether the funds were to be immediately expended for their use or not, even for the instantaneous possession of the same, the tutrix' property was burdened with the minors' mortgage.

The mortgage of the minors unquestionably rests upon the undivided half of the community sold by the tutrix.

The mortgage of the minors necessarily must remain in force on all the immovable property of the tutor as a security for his administration from the day of his appointment until the final settlement of the tutorship. This is no longer a debatable question. See Schneider vs. Burns, and authorities cited, 45 An. 875.

The defendant can not be compelled to accept a title upon which a claim rests and which threatens him with serious litigation in future. James vs. Meyer, 41 An. 1100.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and plaintiff's demand be rejected at his costs.

Rehearing refused.

---

| 47 | 73 |
|----|----|
| 47 | 947 |
| 47 | 1435 |

| 47 | 73 |
|----|----|
| 49 | 971 |

| 47 | 73 |
|----|----|
| 110 | 820 |

| 47 | 73 |
|----|----|
| 121 | 859 |