Michenor et als., Trustees, vs. Reinach.

No. 12,302.

LOUIS T. MICHENOR ET ALS., TRUSTEES OF THE LAND TRUST OF
INDIANAPOLIS, INDIANA, VS. JACOB A. REINACH.

ON MOTION TO DISMISS.

The appeal bond is given for the sum ordered by the judge; the appeal is devolu-
tive, although the bond is not for one-half over and above the judgment
appealed from.

In a suit to compel the acceptance of title to property adjudicated to defendant it
is not required that plaintiff shall set out his whole chain of title in the petition.
The character of the title tendered is a matter of proof.

Where several distinct adjudications have been made at the same sale the plain-
tiff can cumulate the demand for specific performance of adjudications.

There is no law in this State which forbids an association of individuals from holding
property in common for their mutual benefit, and such association can confer
power upon some of its individual members to hold title for purpose of sale.

ON THE MERITS.

In Indiana when such an association exists and it has transferred title to trustees
for certain purposes, the death of one of the parties will not affect the transfer.
The equitable title so transferred will survive in the surviving member of the
trust. Hence when such an association has created trustees to sell and dis-
pose of its property, the death of one of them will not abate the suit instituted
in this State by them. It is not, therefore, required that the sale of the prop-
erty entrusted to said trustees should be in accordance with the laws of this
State for the sale of property under administration.

A party is not compelled to accept title which threatens litigation.

In this case the peculiar circumstances accompanying it and the facts bring it
within the ruling of Billgery vs. Land Trust, 48 An. 890, and on the authority of
that case the judgment is affirmed.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

_____

E. Howard McCaleb for Plaintiffs, Appellees.

_____

Benjamin Ory for Defendant, Appellant.

_____

William Winans Wall for John Watt, Intervenor, Appellee.

_____

ON MOTION TO DISMISS.

Submitted on briefs November 16, 1896.
Opinion handed down November 30, 1896.

· ON THE MERITS.

Argued and submitted February 3, 1897.

Opinion handed down February 15, 1897.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

BREAUX, J.   The motion has been made to dismiss this appeal on the ground that the bond furnished by the appellant is in amount insufficient for a suspensive appeal; it not being for one-half over and above the amount of the judgment appealed from.

Under the rules governing appeals the motion, as stated, presents, the only ground for decision in this case.

It is true that the amount of the bond is less than is required by law for a suspensive appeal.

The amount of the bond is that fixed by the judge *a quo*.

While it is not sufficient for a suspensive appeal, it is sufficient for a devolutive appeal.

This was the decision, upon this point, in a number of cases before this court.   Succession of Keller, 89 An. 580, and authorities cited.

The present appeal should be sustained in so far as it is devolutive.

To that extent the motion to dismiss the appeal is denied.

## ON THE MERITS.

McENERY, J.   This suit was instituted to compel defendant to accept title to property adjudicated to him at auction sale.

The defendant excepted to the suit (1) because the plaintiffs have not stated in their petition the nature and derivation of the title under which they claim the ownership of the property, and that the petition is vague and indefinite; (2) because plaintiffs claim to be the trustees or agents of a corporation named the "Land Trust of Indianapolis," and neither their agency nor the domicile of said corporation is mentioned in said petition; (3) because plaintiffs have cumulated in one action sundry separate and distinct contracts based upon separate adjudications of distinct properties.

The petition states that plaintiffs are owners of the property described in the petition and that the same was adjudicated to defendant.   This is sufficient.   It was not necessary that the plaintiffs should set out the chain of title to the property.   It was a matter of

proof on the trial for plaintiffs to exhibit to defendant the title which they proposed to give to the property.

The petition alleges that the plaintiffs are the trustees of the "Land Trust of Indianapolis, Indiana," and that they reside in said city. The capacity of plaintiff to sue is accurately set forth. If said corporation has no existence, and was not properly represented by the trustees, it was a matter of proof.

The character of plaintiffs' suit in cumulated demands is in accordance with the text of Art. 148, Code of Practice.

A second exception was filed of no cause of action; that plaintiffs pretended to act as agents and attorneys in fact of an unauthorized corporation, and failed to annex to their petition the power of attorney under which they acted; that plaintiffs can not appear in court except in their individual names. Much of this exception was contained in the first one filed.

It is not essential to go into the history of the organization of the said trust company of Indianapolis. The defendant is not interested therein. It was either a valid and legal corporation, a *de facto* corporation, or an association of individuals for certain purposes. Those who authorized it to act are bound by its acts and third parties are protected. This association conveyed to plaintiffs its rights in and to the property in controversy. All parties, members of said Trust Company, are bound by this deed, as they authorized it. The plaintiffs, whether as agents or attorneys in fact for the Trust Company, or as *bona fide* purchasers under said deed, had the power to sell said property, and the purchaser at such sale being an innocent third party, would be undoubtedly protected in his purchase. There is no law in Louisiana which prevents an association of individuals from acquiring property and holding it in common for their mutual benefit. And there is no law which prevents them from selling the same. In this case all individual interests were represented in the power to acquire and to dispose of the property.

The Western Land and Immigration Company, which sold to the plaintiffs, is an incorporated company, as appears by the certificate of the Secretary of State of Indiana.

We understand that the plaintiffs had a conveyance from the Trust Company for the purpose of selling the land in controversy, and that they were the agents or trustees of said company or association of individuals for that purpose. The capacity in which they sell is amply set forth in the petition.

In reference to the interest of W. W. Smith, a member of the Land Trust Company, whose estate is now under administration in the State of Indiana, it appears that in his lifetime, as a member of said company or association, he transferred with the other members of said association whatever interest he had to the present plaintiffs.

This deed investing the trustees with a legal estate survived, and could be executed by the survivors under the laws of Indiana. Peter vs. Beverly, 10 Peters, 532; Grisar vs. McDowell, 6 Wallace, 377.

The exceptions were overruled. The defendant answered, denying that the auctioneer had authority to sell said properties from the proper authorities, and he affirms that the titles offered by plaintiffs are illegal.

(1) The property described as square No. 187, in the Seventh District, stands on the records in the name of Joe Walton; (2) all the property described in plaintiff's petition is alleged to be owned by John Holliday, Francis T. Holliday, James N. Houston, J. Augustus Lemeke, Julius F. Pratt, Charles Bradford, Henry E. Drew, Henry Jameson, William B. Heard, Louis T. Michener, William J. Richards and the estate of William W. Smith in Indiana, and the sale of said property can not be made in the manner adopted by plaintiffs; that said property was never adjudicated to the Western Land and Immigration Company, of Indianapolis, the author of plaintiffs' title, at tax sale; that the Western Land and Immigration Company never had any corporate existence, and even if it had Henry E. Drew and William W. Smith, who claimed to be president and secretary respectively of said company, acted without authority; that the tax sale on which the title is based was defective in the fourth and fifth described properties for the years 1876, 1877, 1878, as the property was not properly assessed, being in the name of Miss B. A. Clarke; that the sixth, seventh, twelfth and thirteenth described pieces of property for the taxes of 1876, 1877 and 1878 were also improperly described on the tax rolls, being assessed to Mrs. M. G. Knorr; that the eighth and ninth pieces of property were erroneously assessed for the same year to Eliza B. Walker; that the tenth piece of property for the same year was improperly assessed to H. Lahen, and the eleventh for the same year erroneously assessed to Mr. Druhan; that the Western Land and Immigration Company claiming to have acquired the first, second and third pieces of property through D.

Negrotto, who purchased at tax sale, had no title to said property, as Negrotto's title was null and void, because for the years for which it was assessed it was on the rolls in the name of Edmond L'Hoste. There are other defective assessments as to the second and third pieces of property for the year 1878, being in the name of E. A. Collins. It is urged in the answer that none of the parties to whom the assessments were made were ever notified of same; that neither plaintiffs nor the author of their titles have complied with the terms and conditions of the tax sales, and paid the taxes assumed by them on said property; that Eliza A. Collins is dead, that her succession has been opened, and that certain persons named in the petition have been recognized as her sole heirs; that Eliza B. Walker is dead, and that Mrs. Kate Walker has been recognized as her heir; that Martin Druhan is dead, and that his widow has been recognized as surviving widow in community; that all of said parties claim adversely to plaintiffs' title. He prays that all of these parties be cited and be made parties to the suit. The order was granted as prayed for. It does not appear that the citations were served on the parties.

Plaintiffs claim title as follows: Adjudications by the State Tax Collector, under Act 82 of 1894, to the Western Land and Immigration Company, and by purchase direct from the Auditor and from D. Negrotto, who purchased at tax sales, by said company which sold to the trust company, and who sold to the present plaintiffs, who are to all intents and purposes, according to the law of Indiana, vested with the legal estate. Revised Statutes of Indiana, Secs. 2985, 2977.

In the attack on plaintiffs' title, defendant offered in evidence the records in the succession of Druhan, and the record of the suit of Eliza A. Druhan vs. L. T. Michener et als.; the record in the succession of E. A. Collins and the record in the suit of Lloyd Posey vs. L. T. Michener, and the record in the succession of Mrs. Eliza B. Walker, and the record in the succession of B. L'Hoste, and the petition in the intervention of John Watt claiming ownership of Square 187.

No evidence was introduced to impeach the validity of the tax sales other than to show that the property in the above successions was in litigation between the interested parties in said succession and the plaintiffs herein.

So far as these suits and the succession records show that the property claimed therein is in litigation and the title uncertain,

the defendant can not be compelled to accept title from the plaintiffs.

The decree of the lower court was in accordance with the recognized principle in our jurisprudence that the defendant can not be compelled to accept a title that carries with it a threatened litigation, or disturbance.

The decree, therefore, recited that the defendant should comply with his bid for all properties adjudicated to him where there was no clouded title, and released him from his bid on properties adjudicated to him where the ownership of the same was claimed by other parties and involved in litigation, and as to the demand for the specific performance of the adjudication for these properties, he entered a judgment of *non*-suit.

Act No. 82 of 1884, Sec. 5, provides that the purchaser under said act shall assume all unpaid taxes subsequent to 1879. They are not prescriptible under ten years, if at all.

The purchaser is bound to pay them, and the tax collector should demand and receive the payment of the same before making title to the property. State *ex rel*. Martinez vs. Tax Collectors, 42 An. 677; Remick vs. Lang, 47 An. 914.

But on the authority of Billgery *et als*. vs. Land Trust Company of Indianapolis, 48 An. 890, we conclude that all the taxes on this property were canceled by a decree of the Federal Court in 1888, in the case of the Western Land and Immigration Company vs. George Guinault *et als*., No. 11,764, United States Circuit Court, Eastern District of Louisiana. The reasons for the decree, and taking that case outside of the ruling of the cases referred to in the 42d and 47th Annuals, are fully stated in the opinion in the Billgery case. The decree in the Federal Court had been rendered before the decision in the case of State *ex rel*. Martinez, 42 An. 677.

John Watt intervened in the suit, resisting the demands of plaintiff and setting up title to square 187. He redeemed the property for the unpaid taxes assumed by the Western Immigration Company in 1894. The facts in his case are identical with those of the Billgery case, 48 An. 890. Under the ruling in that case we can afford him no relief.

Judgment affirmed.