(97 South. 459)

No. 26035.

## BARBARICH v. MEYER.

Appeal of MALLU.

(June 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Taxation ⊚⊐903—Failure to put heirs into possession contradictorily with inheritance tax collector held not to make alienation invalid, but only subject to tax.**

That heirs had never been put in possession as such contradictorily with inheritance tax collector, as required by Act No. 109 of 1906, and Act No. 199 of 1920, did not render alienation in partition suit invalid, but only made it subject to the tax.

2. **Partition ⊚⊐100—Inventory not required when partition ordered by "licitation."**

When partition by "licitation"—that is, by sale of the property and division of the proceeds—was ordered, formal inventory would be useless and costly formality, and not required, as property may be so sold for whatever it will bring.

3. **Partition ⊚⊐101—Error to commute usufruct to cash sum.**

In partition suit, it was error to order property sold free from interdicted person's usufruct in share of one of the parties, and to unlawfully commute the usufruct to cash sum, to be taken from such share.

4. **Judgment ⊚⊐747(2) — Commuting usufruct to cash res judicata, when not appealed from.**

Judgment in partition suit ordering property sold free from usufruct in party's share, and commuting it to cash sum, though erroneous, was res judicata between all parties, including the interdicted usufructuary, when properly represented under Act No. 219 of 1918, and gave adjudicatee no ground for refusing to accept property.

5. **Partition ⊚⊐109(1, 5)—Adjudicatee chargeable with interest, and entitled to rents, less expenses, from date of adjudication.**

One to whom property was adjudicated on partition sale was chargeable with interest on price from date of adjudication, and entitled to rents and revenues from that date, less taxes and expenses.

6. **Partition ⊚⊐106—Judgment need not provide that adjudicatee shall receive rents, that being necessary consequence.**

When one to whom property is adjudicated on partition sale is charged with interest on price from date of adjudication, it is not necessary that judgment should award rents and revenues, less taxes and expenses, from that date to him; this being necessary consequence of his being condemned for interest.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Catherine Meyer Barbarich against Alice Meyer, an interdicted person. From a judgment condemning John Mallu to accept real estate adjudicated to him at public sale, he appeals. Affirmed.

Hugh S. Suthon, of New Orleans, and Fred Zengel, Jr., for appellant.

Benjamin Ory, of New Orleans, for appellees heirs of Catherine Meyer Barbarich.

John C. Davey, of New Orleans, for appellee Alice Meyer.

ST. PAUL, J. The only question involved herein is the validity of the title to certain real estate, which appellant has been condemned to accept, as having been the adjudicatee thereof at a public sale to effect a partition between the parties named in the title hereto. He raises three objections.

## I.

[1] He complains that the parties have not been put in possession thereof as heirs of the one through whom they derive title, contradictorily with the inheritance tax collector, as required by Acts 109 of 1906 and 199 of 1920.

In Bonvillain v. Richaud, 153 La. 431, 96 South. 21, this court said:

"Act No. 109 of 1906, § 3, and section 16, as amended by Act No. 199 of 1920, does not forbid heir to take or retain possession or sue to recover title or possession until he has paid inheritance tax or had inheritance judicially declared exempt, but only prohibits decree giving possession or alienation *otherwise than subject to the tax*." (Italics ours.)

The alienation without these formalities is therefore valid, though subject to the tax. But in the case before us it is shown that no tax was due.

## II.

[2] He further complains that the partition was not preceded by a formal inventory. But the property to be partitioned was examined by experts, who reported that it could not be divided in kind, and that the partition should be by licitation (i..e., sale of the property and division of the proceeds), which was ordered by the court.

It is well settled that property sold to effect a partition, may be sold for whatever it will bring at public sale, regardless of any appraisement.

Therefore, when the Code requires that every partition shall be preceded by an inventory and appraisement made within a year, it has reference to partitions in kind, for—

"The first step to be taken in a partition * * * is to ascertain whether a division in kind is practical without a serious diminution of its value, or loss or inconvenience of one of the owners." Paul v. Lamothe, 36 La. Ann. 319.

And where it is manifest, or shown by the evidence, that the property is not divisible in kind, the taking of a formal inventory would be nothing more than a useless and costly formality, which the law does not require. Hansell v. Hansell, 44 La. Ann. 549, 10 South. 941; Paul v. Lamothe, 36 La. Ann. 319.

And even where the partition in kind is feasible, and the court has ordered it made in that way, such partition, based upon the report and appraisement of experts, will be maintained, even though not preceded by "a formal inventory made by a notary." Barnett v. Bernstein, Tutor, 22 La. Ann. 394.

## III.

[3, 4] He complains, also, that the property was sold free of a usufruct in favor of the interdict upon the share of plaintiff, which usufruct was unlawfully commuted by the judgment for a cash sum to be taken from the share of the plaintiff. The judgment was erroneous, and if appealed from would have been reversed. Smith v. Nelson, 121 La. 170, 46 South. 200.

But the fact is that the judgment was so rendered, and has not been appealed from; and it is now res judicata between all parties, including the interdict, who was properly represented under the provisions of Act 219 of 1918.

"A final decree of a competent court in a partition suit concludes all parties on all questions of title raised or that might have been raised in the partition proceedings." Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 547, 46 South. 622.

In the case last named, the decree of partition was attacked on the ground that it fixed erroneously the interests of some of the parties. But the court said:

"The decree fixed the respective interests of the parties in the property to be partitioned, and, if it was erroneous in any respect, the remedy was by appeal"—citing Bayhi v. Bayhi, 35 La. Ann. 527.

## IV.

[5, 6] Appellant complains that he is charged with interest on the purchase price from date of adjudication. This was correct; of course, by the same token he is entitled to rents and revenues, less taxes and expenses, from the same date. But no

amendment of the judgment is necessary to that end, as that is the necessary consequence of his being condemned for interest.

#### Decree.

The judgment appealed from is therefore affirmed.