**(100 South. 247)**

**No. 24285.**

**PRAEGNER v. KINNEBREW & RATCLIFF.**

(March 24, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. Judgment ⬅➡707—Decree not binding on those not parties to suit.

A decree is not binding on persons not parties to suit.

2. Mines and minerals ⬅➡74—Sales; earnest money must be returned, where purchaser declares dissatisfaction with title as authorized by contract.

Under contract for sale of oil and gas lease, providing that title should be good and valid and

approved to entire satisfaction of purchaser, where purchaser, with substantial basis therefor, declared dissatisfaction with title and refused to take property, earnest money should be returned.

**3. Vendor and purchaser ⬅130(2)—Sales; one cannot be compelled to accept title suggestive of future litigation.**

One cannot be compelled to accept title upon which a claim rests and which is suggestive of serious future litigation.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by Fred Praegner against Kinnebrew & Ratcliff. Judgment for plaintiff, and defendants appeal. Affirmed.

J. S. Atkinson and Clem V. Ratcliff, both of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This litigation grows out of a contract, dated November 2, 1918, wherein defendants agreed to convey to one S. E. J. Cox a certain oil and gas lease executed in their favor by Mrs. Bettie Scott Youree and others on certain lands in the parish of Caddo. The agreed consideration was $35,000, of which amount $5,000 was paid in cash. It was stipulated that the amount of this payment should be forfeited as liquidated damages, should the title prove good and merchantable, and the other terms and conditions set forth fulfilled, and Cox should fail to pay the balance of the consideration. The contract provided that the prospective purchaser should have 18 days within which to satisfy himself in regard to the title and to the lease. The title proved unsatisfactory to Cox, who rejected it and demanded the return of his deposit. His demand was refused. This suit is by the assignee of Cox to recover said amount. Judgment was for plaintiff, and defendants appealed.

One of the tracts of land covered by the lease is an equal divided one-half of N. E. ¼ of Sec. 12, T. 21, R. 15. A part of the property, approximately 22 acres, lies east of Jones or Red bayou. It is the title to this acreage which has given rise to the present controversy.

After the execution of the agreement to sell, Cox employed an attorney of the city of Shreveport to pass upon the title. Although the contract was entered into on November 2, 1918, with an obligation on the part of Cox to satisfy himself within 18 days in regard to the title, it was not until the 15th of November that defendants furnished Cox's attorney with the abstract of title.

The examination was completed on November 17, 1918, and on the same day the attorney mailed his opinion to Cox, at Gilliam, a village only a few miles distant from Shreveport. On the next day, November 18th, on the receipt of his attorney's opinion, Cox telephoned that he did not want the property, and instructed him to so inform Kinnebrew, one of the defendants, and who was acting for them in the transaction. This was done. We think these facts clearly appear from the record, although some attempt has been made by defendants' counsel in analyzing the testimony, to show that Cox's rejection of the title, and the notice thereof to Kinnebrew, took place on November 26, 1918, 6 days after the time limit set forth in the contract.

The opinion of the attorney who examined the abstract directed the attention of his client to a notation on the document, showing an apparent conflict of title between the Youree-Randolph estate and the Noel Bros. to that part of the N. E. ¼ of Sec. 12, T. 21, R. 15, lying north and east of Red bayou. There were also some references to a conversation with the representative of the Youree estate, to the effect that said estate was not claiming the land in question, and to an agricultural lease made by the Noel Bros. with

the estate, in which the land was included. The opinion was submitted without recommendation or requirement. Upon its receipt, as stated, Cox decided to reject the title, and so informed his attorney, with instructions to advise defendants of his decision.

From the numerous deeds which have been offered in evidence by the parties, there appear to be two chains of title covering this particular property, one in the Youree estate and the other in the Noel Bros., who have been in actual physical possession for more than 20 years.

,Defendants contend that the Youree title is valid, and that the Noel claim is without foundation, and that they are entitled, therefore, to retain the deposit as forfeited earnest money.

[1] For the purpose of this case it is not necessary for us to decide whether the Youree-Randolph estate or the Noel Bros. have the superior title. Certainly any decree rendered in that regard would not be binding upon the Noel Bros., who are not parties to this suit.

[2] The agreement of sale, in express terms, declares that the title to the property shall be good and valid and approved to the entire satisfaction of Cox. This provision of the contract has not been met; Cox, with a substantial basis therefor, declared his dissatisfaction with the title, and refused to take the property. We think the earnest money should be returned.

Nor is the plea of estoppel good. The plea is founded upon the lease made for agricultural purposes by the Youree estate with the Noel Bros. Mr. R. E. Noel on the witness stand frankly admitted that the strip of land in question was included in the lease, but he stated that it was done through error, and that neither the lessors nor the lessees had intended to describe this land in the lease. However that may be, and pretermitting the question of whether defendants, as strangers to the lease, can urge estoppel as against the lessees therein (Lyons v. Lawrence, 118 La. 461, 43 South. 51; Schultz v. Ryan, 131 La. 78, 59 South. 21; Saunders v. Busch-Everett, 138 La. 1049, 71 South. 153), Cox agreed to purchase the property and not the property plus a probable lawsuit. He cannot be forced to litigate with the Noel Bros. on the question of their title to the property (Neuhauser v. Barthe, 110 La., 825, 34 South. 793).

[3] A party cannot be compelled to accept a title upon which a claim rests and which is suggestive of serious future litigation. Neuhauser v. Barthe, 110 La. 825, 34 South. 793; Lyman v. Stroudbach, 47 La. Ann. 71, 16 South. 662; James v. Meyer, 41 La. Ann. 1101, 7 South. 618; Beer v. Leonard, 40 La. Ann. 845, 5 South. 257.

Judgment affirmed.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ..