JAMES R. MCLAUGHLIN, APPELLANT, V. ROBERT F. NELSON, APPELLEE.

FILED MARCH 18, 1925. No. 22997.

1. **Vendor and Purchaser:** TIME OF PERFORMANCE. Time will be held to be of the essence of the contract, and enforced in the absence of waiver or estoppel, where it is so provided by the express language of the contract and so intended by the parties.
2. ———: TENDER. Failure to make tender may be excused, where it appears that such tender would be refused, on the principle that the law does not require a vain and useless thing.
3. **Estates:** MERGER. Whenever a person acquires a greater and a lesser estate in the same property and there is no intervening estate, the lesser does not further exist as a separate estate, but it is destroyed by, or is considered in law as merged in, the greater.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Affirmed on condition.*

*Hoagland & Carr,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and THOMPSON, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

Plaintiff, McLaughlin, sued the defendant, Nelson, for $1,400 paid on a real estate purchase, which was not consummated, because, as he claimed, a merchantable title was

not furnished.    By written agreement entered into on the
7th day of August, 1919, between Nelson, as vendor, and
McLaughlin, as vendee, the former was to furnish the latter
good and merchantable title, together with deed and ab-
stract, on or before March 1, 1920, and time was made
an essential element of the contract.    A portion of the
land had an unreleased mortgage on it, bearing date Janu-
ary 4, 1900, and being due December 16, 1901.    The record
shows that the maker of this mortgage had quitclaimed
the land to his mortgagee during November of 1901, and
that shortly thereafter the latter had conveyed the same to
one McAllister by warranty deed.    In addition to this, the
abstract shows an affidavit reciting that in receiving said
quitclaim it was the intention of the mortgagee to merge the
mortgage in the deed.

Promptly upon examination of the abstract, which oc-
curred a few days after the execution of the purchase con-
tract, plaintiff returned the same to the defendant with an
attorney's opinion to the effect that said unreleased mort-
gage was a cloud upon the title which would have to be
removed by release or court decree.    Defendant seems to
have paid no immediate attention to this, except to secure
a contrary opinion from his own attorney.    As time of
settlement drew near, however, on or about February 28,
1920, he told the plaintiff that he considered the title good
as it stood.    But plaintiff had had disparaging comment
upon it from other sources to supplement his attorney's
opinion, and replied that it would have to be cleared, as
suggested, by March 1 or the deal could not go through.
And he stuck to this, although defendant offered to get a
decree quieting the title as to the mortgage within 15 or 20
days, and to put up sufficient money to make good his
agreement in this regard.    It followed that defendant made
no tender on March 1, though plaintiff was on hand, and
ready, willing and able to perform according to his word,
and that on the next day plaintiff declared a rescission of
the contract, notifying the defendant thereof and demand-
ing a return of his $1,400 of earnest money.    On the 4th

of March defendant tendered deed and abstract, together
with a written promise (subsequently kept) that he would
proceed immediately to secure the order of court originally
demanded. But such tender was refused.

The district court found against the plaintiff on his con-
tention that the title was unmerchantable and that no suf-
ficient tender was made, and in favor of the defendant on his
cross-petition praying for specific performance. A decree
was entered providing that, in case of the failure of the
plaintiff to take the land and to pay the consideration with-
in 60 days, his earnest money should be forfeited to the
defendant, and title to the property should be quieted in the
latter.

In this state time is held to be of the essence of the con-
tract, in the absence of waiver or estoppel, where it is so
provided by the express language of the contract, and so
intended by the parties. Such was the case here. But it is
clear from the evidence that plaintiff was emphatic in his
statement to defendant on the 28th of February that he
would not take the title unless a decree or a release was
obtained before March 1st. Accordingly, it would have been
a vain thing for defendant to have tendered deed and ab-
stract without decree or release, and the fact that he did not
do so cannot avail the plaintiff, provided the title was good
without such decree or release. Where a tender would be
of no avail if made, and the fact in this regard is beyond
dispute, a failure to make the tender in question will not
militate against the party from whom the tender is re-
quired.

The whole question, then, is whether or not the title
originally presented by the abstract was good and merchant-
able. If it was, the district court was right in his findings
and decree. If it was not, the plaintiff is entitled to a re-
versal. Merchantable means "vendible because of its fitness
to serve its proper purpose." Anderson's Dictionary of
Law. Fitness to serve its proper purpose includes defensi-
bility and salability. But it does not follow that a title,
to be good and merchantable, must be beyond the possibility

of attack.    It simply means that it is subject to no reasonable doubt.

The doctrine that a merger at law follows inevitably upon the union of a greater and less estate in the same ownership, and that a deed by a mortgagor of premises upon which he has given a mortgage to the mortgagee extinguishes the mortgage, has long been recognized in this state.   It is true that where it was not the intention of the parties that such should take place the doctrine is not favored in equity.   But in this case the mortgage, which was 20 years old at the time that the contract was entered into, was made by one Rogers to a Mr. Fisher, and afterwards, and before the mortgage was due, Rogers, who was the title owner as well as the mortgagor, deeded the land covered by the mortgage to said Fisher.   And it also appears that shortly thereafter Fisher deeded the land by warranty deed to McAllister, also that subsequently thereto the property was conveyed a number of times by deeds of full warranty.   Under these circumstances it seems to this court that the title was sufficiently good to exclude all reasonable doubt as to its merchantable character.   Equity certainly would not hear a holder of the mortgage, even if it had been assigned to him before the deed was made from Rogers to Fisher, as against the purchaser of the property from the defendant in this case, provided the assignment of said mortgage, had not been filed for record.

It is ingeniously argued by the plaintiff, on the authority of *Mathews v. Jones*, 47 Neb. 616, that Rogers' title came from Fisher upon a consideration of $500, while Rogers' quitclaim to Fisher after the execution of the mortgage states the same consideration, and that Fisher would not have accepted such conveyance from Rogers upon that consideration with the intention of canceling the said mortgage, because he would have been losing about $300 thereby. This must be admitted, he says, because the doctrine of the cases is that Fisher would be presumed to intend that which was advantageous to him, and no more.   But many other considerations may have been present to influence the

parties. It is well known that the stated consideration of deeds frequently does not reflect the facts. And under the circumstances this court is constrained to hold that the rule of merger, taken in connection with the subsequent warranty deed which was made and the lapse of time, made the title in question good and merchantable beyond reasonable doubt.

As the defendant says in his brief: "At law it is declared to be the inflexible rule that a merger always takes place when a greater and less estate coincide and meet in the same person in one and the same right without any intermediate estate. * * * When the circumstances under which merger ordinarily takes place are shown, the burden rests upon him who alleges that there was no merger to prove a contrary intention, or to prove facts and circumstances from which such an intention may be presumed." 10 R. C. L. 666, sec. 27. *Downing v. Hartshorn*, 69 Neb. 364; *Mathews v. Jones*, 47 Neb. 616; *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Neb. 9; *Whipple v. Fowler*, 41 Neb. 675. Whenever a person acquires a greater and a lesser estate in the same property and there is no intervening estate, the lesser does not further exist as a separate estate, but is destroyed by or is considered in law as merged in the greater.

This principle seems the more certain of application in the case at bar, since the rule in regard to mortgages stated in *Justice v. Button*, 89 Neb. 367 has been practically abrogated by subsequent statute. Section 5680, Comp. St. 1922, now provides that a decree quieting title to land incumbered by a mortgage may be obtained upon proper ground without alleging the payment of the mortgage. And it may also be said, in passing, that the case cited has little application to the case at bar, because no question of merger was there presented.

It is urged by appellant that, in first filing an answer claiming forfeiture of the earnest money paid, appellee elected the law remedy, and could not later be permitted to ask equitable relief by way of specific performance. But the facts pleaded in his answer and cross-petition are not

inconsistent with the averments of his original answer, and, moreover, he could not in any event have had a remedy at law.   Accordingly, the contention of appellant on this point cannot be sustained.

The appellee, Nelson, was by no means without fault, in failing to give the appellant more timely notice of his intention to stand upon the title as proffered.   In view of this, it will be equitable to give the latter 60 days from the entry of judgment upon the mandate in which to perform the contract, if he so elects.   With this provision, the decree of the district court is

AFFIRMED ON CONDITION.