No. 4018

Second Circuit

(Second Division)

PHILLIPS v. WEICHERT

(May 4, 1932. Opinion and Decree.)

Craig, Bolin & Magee, of Mansfield, attorneys for plaintiff, appellee.

Irion & Switzer and Thomas M. Comegys, Jr., of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. On August 28, 1930, plaintiff sold to defendant an interest in the oil, gas, and other minerals under the surface of certain lands in the parish of De Soto, for the price of $1,032, of which amount $100 was paid in cash, and the balance was due and payable on the 15th day of October following. The title of the property was specially warranted to be "free from any lien, privilege, judgment, mortgage, or claim whatever."

It was evidently agreed and understood between the parties that the payment of the deferred part of the purchase price should be conditioned upon the title of the conveyed property being found merchantable and free of incumbrances, because of the incorporation of the following stipulations in the act of sale, viz.:

"The grantor herein specially agrees and binds and obligates himself to furnish at his own costs and expense a complete abstract of title to the land or property above described, showing good and merchantable title in him to said property conveyed at least thirty days prior to the date for the payment of the balance of the purchase price as above stipulated.

"Should purchaser's attorney decline to approve title, the grantor binds himself to remove the objections at his expense within 60 days thereafter or refund and return the consideration received at the option of the purchaser."

This suit was instituted by plaintiff on November 21, 1930, to recover judgment for the unpaid part of said purchase price and to enforce vendor's lien and privilege against the property conveyed, which was sequestered. The act of sale between the parties is specifically referred to, but is not attached to, nor is it made a part of, the petition.

Defendant filed motion to dissolve the sequestration which was overruled. He then answered, setting out in detail the special terms and conditions in the contract of sale sued on, averring that plaintiff had not complied with any of them; that the furnishing of said abstract of title showing good and merchantable title in plaintiff to the property at least 30 days prior to the day on which he could demand the balance of the purchase price is and was a condition precedent to any right of action upon the contract; that plaintiff had 60 days within which to perfect the title after defendant's attorney had raised objections thereto, or return the payment made on the purchase price, at option of defendant; that, as plaintiff has not complied with his obligations under the contract, he has no right of action against defendant. He prays for attorney's fees of $100 for services in dissolving the writ of sequestration; for specific performance on part of plaintiff of said contract; and for general relief.

The lower court gave plaintiff judgment as sued for, and defendant has appealed. The writ of sequestration was upheld.

We do not fully understand why specific performance of the contract is asked for, to the extent of requiring plaintiff to execute title to the property, as the contract in quesion vests defendant with complete title thereto, subject to the stipulations above quoted.

The record discloses that plaintiff to no extent complied with the special stipulations in the contract with defendant. He

does not contend that he has done so. His petition does not make mention of such conditions, nor of any effort to comply with them. Conditions such as were placed in this deed are customary in contracts of the kind, and reflect prudence on the part of the purchaser. In this case he did not execute a note for the deferred part of the purchase price; doubtless preferring not to have his negotiable obligation in plaintiff's hands pending examination of the title by his own attorneys. The evidence shows that there were three mortgages on record affecting title to the property involved, and plaintiff had made no effort to remove them when this suit was filed. Regardless of compliance or noncompliance with the special stipulations in the contract between these parties, can it be said that plaintiff has the right to enforce against defendant the balance due on the purchase price of the sale in the face of his warranty obligation and the fact that the title is clouded by inscription of several mortgages? No citation of authority seems necessary to support the negative of this proposition. Plaintiff specially warranted the title to be free of mortgages and liens. Certainly he cannot force defendant to pay the price of the sale without clearing the title of its incumbrances. Wamsley v. Hunter, 29 La. Ann. 628; Marsh v. Lorimer, 164 La. 175, 113 So. 808; Lyman v. Stroudbach, 47 La. Ann. 71, 16 So. 662; Beer v. Leonard, 40 La. Ann. 845, 5 So. 257; Civ. Code, art. 2557. He has no right of action against defendant as long as conditions prevail as disclosed by the record. What assurance has defendant that he may not lose the property to the mortgages against it?

The writ of sequestration sued out by plaintiff illegally issued, and should have been dissolved and set aside with damages of $100 as attorney's fees. Wall v. Hardwood Mfg. Co., 127 La. 959, 54 So. 300.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; and there is now judgment in favor of defendant dissolving the writ of sequestration issued herein and dismissing plaintiff's suit as a nonsuit; and there is further judgment in favor of defendant and against plaintiff for $100, with legal interest from date of this decree; all costs to be paid by plaintiff.