No. 14,164.

Mrs. Esther Chapman Carter vs. Morris Building and Land Improvement Association, Limited.

### Syllabus.

The courts are without jurisdiction to grant to persons not residing within the limits of the State a decree of separation of property.

The wife has not attempted to comply with Art. 2437 of the Civil Code. She has never returned to the place of matrimonial domicile at all and therefore cannot stand in judgment.

The presence of the husband temporarily is not the presence contemplated by the Article cited to enable the wife to sue.

One who tenders title conveying property should tender a title not suggestive of future litigation.

APPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

---

*Branch K. Miller,* for Plaintiff, Appellant.

---

*James Legendre,* for Defendant, Appellee.

---

The opinion of the court was delivered by

Breaux, J. This suit was brought to compel the defendant to sign the deed tendered and complete the sale of property in accordance with an agreement entered into between plaintiff and defendant.

She, plaintiff, was the owner by inheritance of property in the city of New Orleans. Upon an examination of the title the defendant· found that it had cause to decline to complete the sale on the ground that plaintiff had no authority ·to sell the property.

The objection to the title grows out of the following state of facts. The property was brought in marriage by the plaintiff as dowry in accordance with a marriage contract executed just prior to her marriage in 1873. In 1898, plaintiff, alleging that she is domiciled in Toronto, Canada, brought suit against her husband for separation of property in the Civil District Court in the Parish of Orleans. The defendant husband made no defense and a judgment by default was entered against him in that year. The record does not disclose that either plaintiff or defendant ever resided in Louisiana since their marriage.

The first contention of plaintiff is that dotal property may be sold by the wife after a judgment of separation of property between herself and her husband. The separation of property was decreed in 1898.

The plaintiff meets at the outset with a difficulty that we have not thus far been able to do away with and which constrains us to withhold a decree giving recognition to the title tendered. The husband was not a resident of the State and was only here a few weeks on a visit when the suit was brought by plaintiff and service made. She did not return to this State at all and has never lost her residence or domicile in Canada. It follows, we think, that the District Court did not have jurisdiction over the parties.

The question is one of status, and as a defendant in the suit for a separation of property brought by plaintiff against her husband, it was not a mere personal right which the defendant in that suit could waive.

It is a question of status, because a judicial separation of property emancipates not only her property, but her industry as well from the control of the embarrassed husband. It enables her to conduct business in her own name for her benefit and to earn a livelihood for herself and her family. It gives her the right to bind herself in matters of the administration of her property; also, in matter of the disposition of her movable property. C. C. 2436. She, it is true, cannot alienate her property without the signature of her husband or of justice. She must contribute to the support of the family. That is about all that remains of her obligations. As to property, she becomes a stranger to her husband.

It changes the situation of the husband. He is presumed, because of the judgment of separation of property, to be an insolvent. He is no longer at the head of the community, and the wife must contribute in proportion to her fortune to the household expenses and to those of the education of her children. The wife cannot renounce, in advance, the right to sue for a separation of property, as it is a right recognized in the interest of the family and social order. The right of the wife to sue is entirely personal, but after judgment has been obtained by her it affects the marriage relations to an extent at least.

We are not dealing with the mere right of the wife to resume the administration of her paraphernal property, a right we take it to be enjoyed by all whether domiciled here or abroad, but the unlimited and unqualified right to a separation of property. From that point of view we take it to be a question in which public order and social conditions are concerned.

French commentators have considered the right in that light, and have gone much further than we think needful or advisable.

*"Si la communanté est en harmonie avec les rapports intimes etablie entre le mari et la femme, il faut dire que la séparation de biens est en opposition avec la nature du marriage. Quand les époux sont divisés d'interet, il est fort a craindre que le lien des ames en souffre."* Laurent, Vol. 23, p. 439.

By the effect of the judgment of separation, the wife takes back the administration of the property.

Plaintiff at her own domicile in a foreign State is absolutely without the right which grows out of a judgment of separation. The judgment affecting marriage relations would surely be an absolute nullity, at the matrimonial home.

Plaintiff invokes a special law as applying and as authorizing her upon her return to this State to sue her husband for a separation of property: Art. 2437, R. C. C. She has not complied with this special law, as she has never returned here at all, not even temporarily. The presence of her husband a few weeks or months was not equivalent to her presence.

Moreover, the decisions of this court in order that a wife may have the right to sue have held that the return enabling the wife to sue means a return for the purpose under the protection of the laws of this State. Smith vs. Smith, 43 Ann. 1148; Litchenstein vs. Hirsh, 44

Ann. 108.  A similar view was expressed by the Supreme Court of the United States in a suit for divorce under a law of Dakota.  Streitwolf vs. Streitwolf, 181 U. S. 179.

We do not think that the court had jurisdiction to render a judgment of separation of property.

The plaintiff who offers a title to a buyer should offer a title valid in every respect and not one which may be in the least clouded by the fact that the wife has not complied with the provisions of the statute in obtaining a judgment of separation of property, the legality of which is needful in order to transfer a good title.

For reasons assigned, the judgment is affirmed.  ·

NICHOLLS, C. J., dissents, handing down a separate opinion.

Rehearing refused.