J. F. DENSER v. W. C. GUNN.

No. 14,771. (87 Pac. 1132.)

SYLLABUS BY THE COURT.

CONTRACTS—*Exchange of Real Estate—Construction.* A contract for the exchange of real estate provided: "Both parties to give warranty deeds and abstracts showing titles. It is agreed that $1500 shall be liquidated damages in case either party fails or refuses to carry his part of this contract." *Held,* that before either party can recover the stipulated amount of damages he must tender an abstract showing a perfect record title in himself, free from doubt or outstanding color of title.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed December 8, 1906. Affirmed.

*Arthaud & Arthaud,* and *A. M. Keene,* for plaintiff in error.

*W. R. Biddle,* and *Hubert Lardner,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This was an action to recover a stipulated amount of damages for the non-compliance with a written contract for the exchange of real estate. The contract contained the following provisions:

"Both parties to give warranty deeds and abstracts showing titles. It is agreed that $1500 shall be liquidated damages in case either party fails or refuses to carry his part of this contract."

The plaintiff executed and tendered a deed of general warranty in form, and also an abstract of title of the lands he had agreed to convey to the defendant, and demanded that defendant execute to him a warranty deed and abstract showing title in defendant for the land the latter had agreed to convey to the plaintiff. The defendant refused to accept the deed and abstract tendered him and refused to convey the lands to the plaintiff as he had agreed, and the plaintiff brought this action. The court sustained a demurrer to plaintiff's evidence and rendered judgment for costs for the defendant.

It appears from the evidence that before the time fixed in the agreement for consummating this transaction by an exchange of deeds the plaintiff's title to the lands he had agreed to convey to the defendant had been questioned. Thereupon he took his abstract to his lawyers to examine his title and was informed by them that it was defective, and that it would require a suit to quiet the title in him. His attorneys instituted such proceeding, making some fifty named persons and others, unknown heirs, defendants. The lands were situated in Iowa. Personal service was not obtained upon any of the defendants.

In a suit to quiet title under the Iowa statute service may be made by publication upon all defendants upon whom. personal service cannot be made within the state. Before such service is authorized the Iowa statute requires the plaintiff to make and file an affidavit stating that personal service cannot be made upon the defendants within the state. The plaintiff in his suit to quiet his title undertook to get service upon the defendants by publication, for which purpose he filed an affidavit of which the following is a copy:

"I, J. F. Denser, being duly sworn, depose and on oath say that some of the defendants hereto are non-residents and personal service cannot be made on them in this state; that I have sought diligently to learn their residence and have been unable to find them."

This affidavit does not comply with the requirements of the statute. It states that "some of the defendants hereto are non-residents and personal service cannot be made on them in this state." The plain inference from this language is that others were residents. The affiant did not swear that they were all non-residents, and that personal service could not be made upon any of them in the state. Those who were residents and upon whom personal service could be made should have been so served. As to those who were residents of the state and upon whom personal service could have been made the judgment quieting title was void. The trial court very properly held that a publication notice based upon this affidavit did not give the Iowa court jurisdiction of all of the defendants named in the petition, and that a judgment rendered upon such service did not bar the defendants who were not properly served from setting up their title at any future time.

Before the plaintiff can require the defendant to accept his deed and before he can recover upon the agreement he must show that he has fully complied with all the conditions on his part. He must have presented such an abstract of title as upon its face showed

the title to the land which he was offering to convey to be in himself. The record which is epitomized in the abstract must show a good title in the vendor. The contract called for a title good in fact and good of record, and this the abstract does not show. Before the plaintiff can recover he must tender an abstract showing an unclouded title. (*Kimball v. Bell,* 47 Kan. 757, 28 Pac. 1015; *O'Neill v. Douthitt,* 40 Kan. 689, 20 Pac. 493.) It should show that the title is valid in every respect, and not one that may be in the least clouded. (*Carter v. Improvement Association, Limited,* 108 La. 143, 32 South. 473.) When a defect in the abstract will cause a reasonable doubt in the mind of a prudent and intelligent person, acting upon competent legal advice, the deed may be refused.

Whether the abstract introduced in evidence by the plaintiff showed that he had a good title was a question of law to be determined by the court, and not one of fact to be submitted to the jury. The court held that as a matter of law the plaintiff's title was defective; that he had not complied with the terms of the contract, and was not entitled to recover. With this we agree. In this view of the case the other errors complained of become immaterial. The judgment is affirmed.

All the Justices concurring.