GUIDRY, Judge.
Plaintiff-buyer, Melvin D. Vallery, and defendant-seller, Winston W. Belgard, executed a written contract to buy and sell certain immovable property. Plaintiff refused to complete the sale on the ground that defendant’s title to the property involved was unmerchantable and demanded the return of his deposit in the amount of $3000.00. Asserting he held a merchantable title, defendant rejected plaintiff’s demand and claimed plaintiff forfeited the deposit pursuant to their written contract. Thereafter, plaintiff filed suit seeking the return of his deposit plus an equal amount as a stipulated penalty and attorney’s fees. Defendant reconvened seeking forfeiture of the buyer’s deposit and attorney’s fees. After trial on the merits, the trial court found *1203 defendant’s title unmerchantable and rendered judgment ordering the buy and sell contract cancelled and a return of the deposit to plaintiff; all other demands were denied and court costs were divided equally between the plaintiff and defendant. From this judgment plaintiff appeals and asserts that an amount equaling the deposit and attorney’s fees are due him in addition to the return of the deposit as provided by the written agreement. Defendant answered the appeal seeking a reversal of the trial court’s decision.
The issues presented on appeal concern (1) the merchantability of the seller’s title; (2) the rights and obligations of the parties under the buy-sell agreement; and, (3) whether the trial court erred in assessing costs equally between defendant and plaintiff.
MERCHANTABLE TITLE
Plaintiff agreed to buy from defendant and the latter agreed to sell a fifteen acre tract situated in Rapides Parish, Louisiana. The parties signed a written contract to that effect on April 6, 1978. Pursuant to the terms of the contract, the sale was to be consummated on or prior to May 16, 1978, provided that if bona fide curative work in connection with the title was required, the time of sale was extended for a period of 30 days reckoning from the date of receipt by defendant of plaintiff’s attorney’s opinion. The contract also provided that defendant was to deliver to plaintiff a merchantable title and his inability to deliver such title within the time stipulated rendered the contract null and void, reserving, however, plaintiff’s right to demand the return of his deposit.
After the agreement was signed, an examination of title by plaintiff’s attorney revealed some uncertainty as to the location of the southwest boundary of the tract, the effect of which rendered questionable the title to .4738 acres of the property contracted to be bought and sold. In a title opinion dated May 11, 1978, prepared by plaintiff’s attorney, the defect in ancestral title was described as follows:
“In the Sale and Mortgage, Rubin M. O’Neal to W. R. Core, dated February 8, 1952, filed and recorded February 14, 1952 at Conveyance Book 425, page 265, the description of the property includes all property in Section 35, lying North of a projection of the North line of Sections 42, 43 and 44, less a portion of Section 35 lying South of Holloway Prairie Road according to the Plat of L. J. Daigre which is attached thereto.

The North line of Sections 42 and 43 are in a line, but the North line of Section 44 lies slightly southerly of the North line of Sections 42 and 43. This means there is a possibility of a dispute concerning an irregular shaped parcel that is 2.94 X 1.37 chains (194.04 X 90.42 feet) lying in the most southwesterly portion of the property. I can show you this on the Daigre Plat dated May 2, 1974.”

The defect in title referred to above is graphically illustrated by comparing the L. J. Daigre plat dated April 28, 1942 referred to supra in the O’Neal — Core conveyance and the Daigre plat dated May 2, 1974, which is attached to the , act conveying title to defendant. In the former, the southern boundary of the tract is along a projection of the north line of Section 42 and 43; while in the latter plat, the southern boundary is along a projection of the north line of Section 44.
Defendant was notified of the defect in title through his attorney by telephone and subsequently in a letter dated June 12, 1978. No curative measures were taken by the defendant in connection with the title prior to the date stipulated in the contract for execution of the sale, nor were any curative steps taken in the 30-day extension after communication of the defect.[1]
*1204 The trial court was of the opinion that the defect, though relative to only a small portion of the property (.4738 acres), caused doubt as to the boundary line which could be litigious and concluded that the title was therefore unmerchantable as of the time stipulated for delivery in the written agreement.[2]
The issue of merchantability of title to immovables has often been litigated before the courts of Louisiana. The established principles applicable in the present case were set forth in Young v. Stevens, 252 La. 69, 209 So.2d 25 (1968):
“. . . Property has a merchantable title when it can be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved. Roberts v. Medlock, 148 So. 474 (La.App.1983). ‘[0]ne should not be made to accept a title tendered as good, valid and binding unless it is entirely legal from every point of view.’ Bodcaw Lumber v. White, 121 La. 715, 721, 46 So. 782, 784 (1908). The promisee in a contract to sell is not called upon to accept a title which may reasonably suggest litigation. Marsh v. Lorimer, 164 La. 175, 113 So. 808 (1927). And while the amount involved may be small, ‘it cannot be said that because of this fact the danger of litigation is not serious. No one can be forced to buy a lawsuit * * * ’ Rodriguez v. Schroder, 77 So.2d 216, 224 (La.App.1955). See Patton on Titles § 46 et seq. (2d ed. 1957); 92 C.J.S. Vendor and Purchaser §§ 209, 211 (1955); 55 Am.Jur. Vendor and Purchaser §§ 252, 253, 254 (1946).”
Plaintiff in the present case was faced with the reasonable likelihood of future litigation concerning location of the southwest boundary of the tract he contracted to buy. In view of this prospect, plaintiff refused to perfect the sale. We share the trial judge’s opinion that the title was unmerchantable and by the very terms of the written agreement, plaintiff was within his rights to refuse to execute the sale.
RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THE CONTRACT
The contract in part provides as follows:
“. . . The Seller shall deliver to Purchaser a merchantable title and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto Purchaser the right to demand the return of the deposit from the holder thereof.

In the event of the Seller defaulting, the Purchaser shall have the right either to demand the return of his deposit in full, plus an equal amount to be paid as penalty by the Seller; or the Purchaser may demand specific performance, at his option.

In the event the Purchaser fails to comply with this agreement within the time specified, the Seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to Purchaser; or the Seller may demand specific performance.

In the event the deposit is forfeited by Purchaser as above the Realtor’s commission shall be paid out of this deposit, reserving to the Seller the right to proceed against the Purchaser for the recovery of an amount equal to the commission paid.

Seller agrees to pay the Agent’s commission as per listing agreement which commission is earned by Agent when this agreement is signed by both parties and a mortgage loan commitment, if applicable, is obtained.

*1205
Either party hereto who becomes in default of the contract is obligated and agrees to pay the Agent’s commission and all fees and costs incurred in enforcing collection and damages.”

Plaintiff asserts that the failure of the trial court to award the stipulated penalty and attorney’s fees in accordance with the second and last paragraphs quoted above was error. We disagree.
The second paragraph of the contract quoted above, upon which plaintiff relies for double the deposit back, sets forth the rights of the buyer in the event the seller defaulted in his primary obligation, i.’ e., the seller held a merchantable title to the property and refused to deliver same to the purchaser at the designated time. Defendant in this case did not have a merchantable title to deliver to plaintiff for the reasons set forth above. The contract was voided by the provisions of the first unnumbered paragraph quoted above which effectively precluded either the seller or the buyer from being in default of their respective duties to sell and buy under the contract. There no longer was a contract to buy and sell. The provisions concerning the default of either party under such contract are inapplicable. The default provisions contained in the contract were simply secondary obligations undertaken to support the primary undertaking to buy and sell the specific property; once the primary obligations were voided by the terms of the contract, the secondary obligations likewise became ineffective. LSA-C.C. Article 2117 et seq.; Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 (1962); Lake Forest, Inc. v. Bon Marche Homes, Inc., 356 So.2d 1133 (La.App. 4th Cir. 1978). Inasmuch as the contract to buy and sell became null by reason of the defendant’s inability to deliver a merchantable title, there was no authority for the trial court to award the penalty plaintiff demanded and the trial judge was correct in not doing so.
We likewise find plaintiff’s demand for payment of attorney’s fees under the provisions of the last unnumbered paragraph without merit. The clear meaning of the language set forth in the paragraph referred to is to cast a defaulting party with the obligation of paying “the Agent’s commission and all fees and costs incurred in enforcing collection and damages”. The effectiveness of the provision concerning attorney’s fees is predicated upon a party being “in default of the contract”. As previously demonstrated the contract was rendered null and void, pursuant to the express terms thereof, because of the inability of the seller to deliver a merchantable title. Under such circumstances neither party can be “in default of the contract” and the provision upon which plaintiff relies for an award of attorney’s fees is therefore without effect.[3]
THE AWARDING OF COSTS
Plaintiff contends, finally, that the trial court erred in assessing a portion of the costs against him.
 Although the general rule is that the party cast in judgment should pay all costs, the trial court has much discretion in assessing court costs. LSA-C.C.P. Article 1920. The appellate court also is authorized to tax costs as in its judgment may be considered equitable. LSA-C.C.P. Article 2164.
In the instant case, the trial court rendered a judgment intended “to place the parties back the way they were before they entered into the transaction”. Considering the case in its entirety, we conclude that the trial court did not abuse its discretion in dividing the court costs equally between the plaintiff and defendant. We will do likewise in assessing appellate costs.
*1206 Por the above and foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be divided equally between the plaintiff-appellant and the defendant-appellee.
AFFIRMED.

. Although it appears from the record that the parties did engage in some negotiations as to the possibility of reducing the tract to be sold by the .4738 acres in question and a reduction in price, such negotiations were without success. In any event, both parties seek to enforce the particular written agreement entered into on April 16, 1978, and such extraneous *1204 negotiations were not “curative” nor relevant to the merchantability of the title under the terms of the written agreement.

. At trial, plaintiff also argued that the property was an enclosed estate, therefore making title unmerchantable. The trial court did not feel that access to the property from a public road constituted an issue re merchantable title. We need not express an opinion on this question as it is not raised on appeal. However, in this regard, c. f., Solar Gen. Contractor v. Urban Redevelopments, 345 So.2d 558 (La.App. 4th Cir. 1977); Norgren v. Horwell, 172 So.2d 723 (La.App. 4th Cir. 1965).

. We observe that our brethren of the Fourth Circuit have held, in a long line of cases the latest of which is Lanusse v. Gerrets, 357 So.2d 45 (La.App.1978), that the last quoted paragraph on page 6 of this opinion does not permit the recovery of attorney’s fees by the buyer or seller, but rather only by the agent. We neither approve nor disapprove of this interpretation of the clause in question preferring to rest our decision on the premise that the provision operates only against a party “in default of the contract”.