BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding liquidated damages and an agent’s commission in connection with a claim for breach of a contract to purchase an immovable property.
On or about May 8, 1978, the plaintiff, Lanny R. Zatzkis, agreed to sell the property located at 1537-39 Dublin St. in New Orleans, La. to one of the defendants Joseph C. Fuselier for the sum of $43,000. Both of these parties made arrangements to pass the act of sale on June 28, 1978 which was the last day within which the contract could be completed. On that date, Fuselier refused to complete the transaction, claiming that the property was not vacant and that the title was unmerchantable. Three months later the plaintiff filed suit against Fuselier for breach of contract seeking liquidated damages, lost rentals and attorney’s fees on the grounds that the latter refused to take title to the property. Also the plaintiff seeks the recovery of the deposit which was placed by Fuselier with the other named defendant, Waguespack, Pratt, Inc., (hereinafter referred to as WP). Fuselier reconvened against the plaintiff for breach of the agreement to purchase seeking specific performance or in the alternative liquidated damages, and attorney’s fees on the grounds that the latter failed to deliver a merchantable title. In connection therewith Fuselier brought a third party demand against Waguespack, Pratt seeking the return of his deposit. WP reconvened against the plaintiff seeking recovery of its commission on the sale and attorney’s fees.
Upon the trial of this matter, the lower court entered judgment in favor of the plaintiff and against Fuselier in the amount of $4300 representing the forfeiture of the deposit as per the terms of the contract, as well as $1,000 in attorney’s fees. The judgment also permitted WP to recover its commission in connection with this sale from Fuselier in the amount of $1,290. It was further ordered that the reconventional demand brought by WP against plaintiff, the reconventional demand brought by Fuselier against the plaintiff and the third party demand brought by Fuselier against WP all be dismissed. From this judgment, Fuselier has appealed suspensively. WP answered the appeal praying that the judgment be amended so as to award WP the recovery of its commissions from the plaintiff, plus attorney’s fees and costs.
On appeal there are two basic issues presented for our consideration. They are: 1.) whether the plaintiff complied with his obligation under the agreement to purchase to furnish Fuselier with a merchantable title; and 2.) whether Waguespack-Pratt, Inc. is entitled to recovery of an agent’s commission plus attorney’s fees and costs.
-I-
As indicated previously, the act of sale between the plaintiff and Fuselier of the property located at 1537-39 Dublin St. in New Orleans was to occur on June 28, 1978. The record reflects that Fuselier appeared on that date and refused to complete the sale because of an alleged unmerchantable title being offered by the plaintiff. Fuselier’s claim as to unmerchantability was based on the fact that there was a previous contract of sale which appeared on the conveyance certificate and further that there were several encroachments of the property onto neighboring property. The various encroachments consist of 1.) A gutter encroachment of six inches; 2.) a roof encroachment of two feet; 3.) a step encroachment of 8/ioth of a foot; and 4.) a fence encroachment of 8/ioth of a foot. Un *1286 der the terms of the contract the plaintiff as the seller of the property was required to deliver a merchantable title at the act of sale. The agreement states in pertinent part:
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof * * *.
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay * * * all reasonable attorney’s fees and costs incurred by the other party * * * in enforcing their respective rights.”
Consequently, our task is to determine whether the encroachments render the title unmerchantable.
In Young v. Stevens, 209 So.2d 25, 252 La. 69 (1967) the Supreme Court was faced with an almost identical situation. In that case the purchaser of a piece of property in uptown New Orleans refused to complete an act of sale claiming that the title offered by the seller was unmerchantable because of a series of four different encroachments ranging from 6 inches to 1 foot, 3 inches. Subsequently, the purchaser filed suit against the seller for breach of the agreement to purchase, seeking recovery of his deposit plus attorney’s fees and costs. The terms of the agreement were identical to those which are present in the case before us. In deciding the issue of whether the title to the property was merchantable the court considered several rules of law. They are:
“[1-3] Property has a merchantable title when it can be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved. Roberts v. Medlock, 148 So. 474 (La.App.1933). ‘(O)ne should not be made to accept a title tendered as good, valid and binding unless it is entirely legal from every point of view.’ Bodcaw Lumber v. White, 121 La. 715, 46 So. 782, 784 (1908). The promisee in a contract to sell is not called upon to accept a title which may reasonably suggest litigation. Marsh v. Lorimer, 164 La. 175, 113 So. 808 (1927). And while the amount involved may be small, ‘it cannot be said that because of this fact the danger of litigation is not serious. No one can be forced to buy a lawsuit 11 * *.’ * * *. (Citations omitted).
In considering the various rules of law in light of the facts before it, the court concluded that the encroachments were suggestive of litigation and therefore, the title was unmerchantable. The court further indicated that there was no distinction between an encroachment which extends onto the property of another and which extends onto the property being purchased. Accordingly, the court concluded that the purchaser was entitled to recover her deposit, plus interest, attorney’s fees and costs from the seller.
The trial court in the case before us determined that the title was merchantable and further that the plaintiff complied with his obligations under the agreement. In its reasons for judgment the lower court indicated that the title defects were so minor and insignificant that they were of no consequence. We disagree with both the findings made by the trial court as well as its reasoning. In our view we believe that the four different encroachments which exist as to the property in question are not de mini-mus, but in fact are suggestive of future litigation. We can perceive little or no difference between the encroachments that existed in Young v. Stevens, supra, and those present in the matter before us. Accordingly, we find that the title being offered by the plaintiff was unmerchantable. By virtue of the terms of the contract as cited above, Fuselier is entitled to recover his deposit of $4,300 which is in the possession of Waguespack, Pratt, Inc. Furthermore, Fuselier is entitled to recover from plaintiff legal interest on the deposit from the date of judicial demand until paid, attorney’s fees of $1,000 and for all costs of these proceedings.
*1287 By virtue of the breach of the contract in the matter before us WP contends that it is entitled to recover an agent’s commission as well as attorney’s fees and costs of the proceedings. Their contention is based on the provisions of the contract which provide in pertinent part:
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, * * * reserving unto agent the right to recover commission.
* * * * * *
“If this offer is accepted, seller agrees to pay the agent’s commission * * * which commission is earned by agent when this agreement is signed by both parties * * *.
“Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all reasonable attorney’s fees and costs incurred by the * * * agent in enforcing their respective rights.”
The trial court concluded that WP was entitled to recovery of its commission amounting to $1,290.00 from Fuselier. This determination was consistent with its earlier finding that Fuselier had breached the agreement to purchase. However, in view of our finding that the plaintiff was the party breaching the contract, coupled with a review of the provisions cited above, we conclude that the trial court was in error in finding Fuselier liable for the agent’s commission. Zatzkis is liable to WP for its commission as well as attorney’s fees, which we fix at $750 and for costs incurred in enforcing its rights.
For the reasons assigned, the judgment appealed from is reversed, and there is now judgment in favor of Joseph C. Fuselier against Lanny R. Zatzkis and Waguespack Pratt, Inc., ordering the return of Fuselier’s $4300 deposit to him, and further against Lanny R. Zatzkis for legal interest on the deposit from date of judicial demand, attorney’s fees of $1000 and for all costs of these proceedings; further, there is judgment in favor of Waguespack Pratt, Inc. against Lanny R. Zatzkis for its commission in the sum of $1290, together with legal interest from date of judicial demand, attorney’s fees of $750 and for all costs.

REVERSED AND RENDERED.