503 So.2d 679 (1987)
Kenneth MILLER, Plaintiff-Appellee,
v.
GREAT SOUTHERN OIL AND GAS CO., INC., et al., Defendants-Appellants.
No. 86-265.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Writ Denied May 8, 1987.
Cliffe E. Laborde, III and Ean Cole, Lafayette, for defendants-appellants.
Sherman Stanford, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KNOLL, JJ.
KNOLL, Judge.
Great Southern Oil & Gas Company (Great Southern) appeals the award of supplemental earnings benefits and rehabilitative services as provided by LSA-R.S. 23:1221(3) and R.S. 23:1226(A) to Kenneth Miller for a knee injury he sustained during the course and scope of his employment. Great Southern contends on appeal that the trial court erred in: (1) awarding Miller supplemental earnings benefits because he failed to carry his burden of proving that he was unable to earn all or substantially all of his pre-injury wages; (2) holding Miller was entitled to rehabilitative services; and (3) qualifying Henry Courville as an expert in the field of duties of oilfield employees. We reverse.

*680 FACTS
On September 23, 1983, Miller, a driller, injured his left knee while unloading drill collars during the course and scope of his employment with Great Southern. Miller's treating physician was Dr. Fredrick Mayer, an orthopaedic surgeon; on October 11, 1983, Dr. Mayer performed surgery to remove part of the medial meniscus (cartilage). On June 12, 1984, Dr. Mayer released Miller to return to work as a driller.
Great Southern paid Miller worker's compensation benefits of $245 per week from the date of the injury until Miller was released by Dr. Mayer.
From July 1, 1984, through January 2, 1985, Miller received unemployment compensation benefits of $205 per week. After Miller drew the maximum amount of unemployment compensation benefits, he instituted this worker's compensation claim on January 31, 1985, against Great Southern alleging the knee injury he sustained on September 23, 1983, left him totally and permanently disabled.

BURDEN OF PROOF
Great Southern contends that Miller is not entitled to receive supplemental earnings benefits, further medical benefits or rehabilitation services. We agree.
LSA-R.S. 23:1221(3) provides:
"(a) For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to seventy-four percent of the difference between ninety percent of the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10).
(b) For purposes of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain.
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
(ii) For purposes of Subparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee can not perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment."
Louisiana's Supplemental Earnings Benefits are a form of wage loss. In this regard it is similar to what was known under the concept of partial disability benefits found in the 1975 Louisiana Worker's *681 Compensation Law. Under the present act one of the most glaring differences is that the worker's pre-accident wages are now compared to the wages he is earning or is able to earn after the accident.
The extensive amendments to the worker's compensation statutes in 1983 provide that the injured employee must prove the disability by clear and convincing evidence. Roszell v. INA of Texas, Inc., 499 So.2d 659 (La.App. 3rd Cir.1986). Considering the more onerous burden imposed by the 1983 amendments and after a careful review of the record, we conclude that the record fails to support that Miller proved that he was entitled to supplemental earnings benefits or rehabilitation services.
Miller's only treating physician, Dr. Frederick Mayer, opined that on July 25, 1984, Miller was able to return to work as a driller, and on that date provided him with a medical release; Dr. Mayer did not see Miller from the time of his release until his unemployment compensation ended. The record clearly shows that after he obtained his medical release, Miller certified that he was able to work and actively searched for employment in order to obtain unemployment compensation. Miller sought employment from Great Southern, his former employer, and Harris Well Service; he was not hired because there was no work available. Worker's compensation benefits are payable for disability which has been established according to law, and we cannot allow an abuse of such worthy benefits as a subterfuge when unemployment compensation benefits terminate. While we are in sympathy with Miller's plight because of the depressed labor market, the record convinces us that if Miller had found gainful employment or if his unemployment compensation benefits had not terminated, he would not have prosecuted a claim for worker's compensation benefits.
The record shows that there is no clear and convincing evidence of any disability after July 25, 1984; in fact the record preponderates that Miller was capable of returning to his former employment. Accordingly, the only evidence is that there was no wage differential between his preaccident wages and his capacity to earn wages after he was released. Therefore, it was manifestly erroneous for the trial court to award Miller Supplemental Employment Benefits.
Great Southern further contends that Miller is not entitled to rehabilitative services. We agree.
LSA-R.S. 23:1226 provides in part:

"A. When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or insurer shall provide such injured employee with appropriate training and education for suitable gainful employment and may utilize programs provided by state and federal agencies for vocational education when conveniently available or may utilize any public or private agency co-operating with such state and federal agencies in the vocational rehabilitation of such injured employee. In the absence of such programs the employer or insurer shall provide vocational rehabilitation with available private agencies.

B. For the purposes of this Section only, `suitable gainful employment' means employment or self-employment, after rehabilitation, which is reasonably attainable and which offers an opportunity to restore the individual as soon as practical and nearly as possible to his average earnings at the time of the injury." (Emphasis added.)
For the aforementioned reasons there is likewise no evidence to support an award of rehabilitative services.
Because of our treatment of assignments of error one and two it is not necessary for us to address Great Southern's remaining assignment of error.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Judgment is rendered in favor of Great Southern, dismissing Kenneth Miller's petition *682 with prejudice. All costs of trial, including experts' fees, and costs of this appeal are assessed to the appellee.
REVERSED AND RENDERED.