WILLIAMS, Judge.
This is an appeal by plaintiff Joseph T. Wheat from a decision of the trial court finding defendants Murphy Construction Company [“Murphy”] and its insurer Aetna Life and Casualty not obligated to pay him workers’ compensation benefits.
Plaintiff was employed by Murphy as a bulldozer operator. He earned $9.00 an hour. On May 30, 1985, a tree branch scratched his left eye while he was working. Plaintiff consulted an optometrist who referred him to an ophthalmologist. Both indicated that he could return to work. Once plaintiff was thus considered able to return to work, workers’ compensation benefits were stopped. Plaintiff returned to work for Murphy, but was laid off shortly thereafter. He worked at various odd jobs until May, 1986. Since that time he has been employed by M & M Gravel Company as a supervisor. Plaintiff filed suit against defendants for terminating his workers’ compensation benefits. During trial, plaintiff’s counsel attempted to introduce evidence that plaintiff’s being laid off was actually a retaliatory firing. Defendant objected on the ground that the issue had not been raised in the pleadings. The trial court sustained the objection. The trial judge found that there was no permanent disfigurement to the eye and that the disability ratings assigned to plaintiff were of such a minor nature as to require a finding that there was no permanent disability. Plaintiff appeals this decision on the basis of four errors he alleges were committed by the trial court by its failure to: (1) find plaintiff disabled; or, alternatively, entitled to supplemental earnings benefits; (2) make an award for future medical expenses; (3) allow litigation of the issue of retaliatory firing; and (4) to award plaintiff attorneys’ fees and costs.
The trial court heard testimony of plaintiff and his wife as to eye problems that he suffered after the accident. His major complaint centered around a lack of depth perception. He claimed that he was unable to operate a bulldozer as he had in the past.
Deposition testimony from Dr. Mozingo (optometrist) and Dr. Williamson (ophthalmologist) was also admitted into evidence. Dr. Williamson testified that plaintiff’s corrected vision is 20/30 for near vision and 20/40 for far vision. This represents fifteen and ten percent disabilities respectively. Shortly after the accident plaintiff’s uncorrected vision was 20/200.
*210 In effect, plaintiff argues that the 20/200 rating indicates he is 80-85% disabled. We agree with defendant’s assertion that this disability rating is inaccurate. This rating was the result of an examination performed within two weeks of plaintiff’s accident. More recent testing of uncorrected vision shows a marked improvement. Plaintiff’s corrected vision shows that he is not disabled.
Furthermore, we find that plaintiff is not entitled to supplemental earnings benefits pursuant to La.R.S. 23:1221(3)(a). Supplemental earnings benefits are awarded to a worker when he is unable to earn wages equal to at least ninety percent of the wages he was making at the time of the injury. Although plaintiff currently earns $7.00 per hour there is convincing evidence in the record that he could return to the type of work he had done previously and, therefore, be able to earn $9.00 an hour. He is not entitled to supplemental earnings benefits.
Finally, plaintiff argues that he should receive benefits under the omnibus provisions. As stated previously, plaintiff is not disabled under the provisions of the workers’ compensation statute. There is, therefore, no reason for us to consider this argument.
Plaintiff says that he will require new glasses valued at $150.00 and semi-annual eye examinations in the future. He argues that the trial court was in error in refusing to award him future medical expenses.
Future medical expenses are not awarded because there is no liability until the expenses are actually incurred. Turner v. American Mutual Ins. Co., 375 So.2d 113 (La.App. 3d Cir.1979) rev’d. on other grounds 390 So.2d 1330 (La.1980).
At trial, plaintiff attempted to introduce evidence that his return to work for plaintiff was short-lived because he refused to sign a release. He alleges that this was a prohibited retaliatory firing. Plaintiff had neither raised this issue in his pleadings nor at any time prior to his testimony at trial. Article 1154 of the Louisiana Code of Civil Procedure allows for amendment of pleadings at trial. It states in part:
If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be observed thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.”
In this case, there was no motion to amend the pleadings at trial. The court, therefore, properly excluded evidence of retaliatory discharge. Theriot v. Commercial Union Ins. Co., 478 So.2d 741, 747 (La.App. 3d Cir.1985); Charlida Inc. v. Superior Oil Co., 469 So.2d 448, 450 (La.App. 3d Cir.1985).
Finally, plaintiff argues that the' trial court was in error in not awarding him court costs and expert witness fees. Generally, the trial court may award costs that it deems equitable. In this case each party was ordered to bear its own costs. Because plaintiff failed to prevail at trial, apportioning costs in the manner suggested by plaintiff would appear to be unfair in this case. See La.C.Civ.Pr. art. 1920; Vallery v. Belgard, 379 So.2d 1201, 1205 (La.App. 3d Cir.1980). We, therefore, find no abuse of the trial court’s discretion.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED