PLOTKIN, Judge.
Defendant City of New Orleans appeals a trial court judgment awarding plaintiff Raymond E. Shamp $103.97 per week in workers’ compensation supplementary earnings benefits (SEB) pursuant to LSA-R.S. 23:1221(3). The City claims that the trial court erred both in finding that the plaintiff was entitled to SEB and in its computation of the benefits. We affirm the judgment awarding plaintiff benefits, but amend to reflect the proper computation of benefits.

Facts:

Mr. Shamp worked for the City of New Orleans as a rodman in a survey crew in the Research Division of the Department of Streets prior to the abolition of that department in February 1986. At that time, Mr. Shamp and other members of the research division were fired. They were reinstated by the City on July 22, 1986, and assigned to the Central Maintenance Division of the Department of Streets. They received the same pay as in their jobs with the Research Division.
In the new job for Central Maintenance, Mr. Shamp was required to perform heavy labor, including shoveling and lifting. Mr. Shamp testified at trial that he was injured while performing heavy labor in a heat wave. He stated that he worked for about eight days, then woke up on a Thursday morning in so much pain that he took off from work. When he returned to work the next day, he told his foreman that he was unable to perform any more shoveling work. He worked that day doing light duty jobs, but continued to experience pain in his lower back over the weekend. He returned to work on Monday, August 11, doing light duty jobs. He worked only one day, then stayed home the rest of the week.
On Saturday, August 15, 1986, the City had delivered to plaintiff’s home a notice that he was being laid off from his job, effective August 15, 1986. Mr. Shamp was examined by Dr. Kerr on August 18, then was examined by the City’s doctor on August 22. The City’s doctor completed a return-to-work slip which stated that the *1062 plaintiff could return to light duty work on August 25, 1986, but that he could perform no shoveling or heavy lifting. Mr. Shamp testified that he reported on that date, but was told that the City did not have any light duty work. Thereafter, he never returned to work.
Mr. Shamp testified that he had been driving a taxi cab after hours during the time he worked for the City and that, at the time of trial, he was still able to drive a cab part time. He stated that he quits driving when his back starts to hurt. On cross-examination, he testified that his gross income as a cab driver during .1985 was $5,625, in 1986 it was $7,650, and in 1987 it was $7,625. In 1987, he also received $2,500 from leasing a second cab. However, on redirect, he stated that his net profit was $2,933 in 1987, after deducting for expenses. Immediately after the plaintiff rested his case, the defendant rested, without presenting any witnesses or other evidence.
Using the plaintiff’s specific testimony concerning his expenses, the trial judge determined that the plaintiff’s earnings in 1987 were $2,706 per year, or $52 per week. The parties had stipulated that plaintiff earned $927 per month on his job with the City, which the judge calculated to be $213.92 per week. He calculated 90 per cent of those earnings to be $192.53. He then subtracted $52 from $192.53, got $140.50, then multiplied that times 74 percent to get the $103.97 per week SEB award.

Entitlement to SEB

LSA-R.S. 23:1221(3), effective January 1, 1986, provides, in pertinent part, as follows:
(a) For injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis.
The City contests the trial judge’s finding that the plaintiff is entitled to SEB, claiming that the trial court considered only plaintiff’s actual earnings, not his ability to earn as required by the statute. In support of this contention, the City cites the jurisprudential rule which requires that a plaintiff seeking SEB must prove by clear and convincing evidence that he is unable to earn at least ninely percent of the wages he earned at the time of the accident in order to make out a prima facie case. Wheat v. Murphy Construction Co., 516 So.2d 208 (La.App. 4th Cir.1987). The defendant asserts that the plaintiff failed to meet that burden because he failed to prove that he is actually incapable of earning 90 percent of the pay he received on his job for the City.
However, at trial, the plaintiff’s testimony that he was able to earn just over $2,000 in 1987 was uncontested. The defendant failed to present any evidence whatsoever to refute the plaintiff’s testimony. Certainly Mr. Shamp’s uncontested testimony was sufficient to meet even the “clear and convincing” standard required to prove entitlement to SEB. Without testimony to the contrary, the trial court properly found that Mr. Shamp was entitled to SEB.
In brief, the City also argues that an employee is not entitled to SEB if his failure to return to work is caused by a depressed job market, as opposed to a work-related injury. Miller v. Great Southern Oil and Gas Co., Inc., 503 So.2d 679 (La.App. 3d Cir.1987), writ denied 505 So.2d 1144 (La.1987). We have read the Miller ease and find it factually distinguishable because there is medical testimony in Miller which indicates that the plaintiff was able to perform the duties of his prior job. That was not present in the instant case. Additionally, the City offered no credible evidence in the instant case to prove that *1063 the plaintiff’s failure to return to work was caused by a depressed job market rather than a work-related injury.

Calculation of SEB

The trial judge calculated the plaintiff’s SEB benefits as 74 percent of the difference between the plaintiffs average weekly wages at the time of the injury and the average weekly wages actually earned thereafter. Under the 1986 amendments to the workers’ compensation law, the correct calculation is sixty-six and two-thirds percent of the difference between the plaintiff’s average monthly wages at the time of the injury and the average monthly wages actually earned thereafter. To determine the plaintiff’s average monthly wages, we divided the amount of yearly wages found by the trial court, $2,706, by 12, to reach $225.50. The plaintiff's monthly wages at the time of the injury were stipulated at $927. Therefore, the correct calculation is as follows:
66% X ($927 - 225.50) = 66% X $701.50 = $467.62
Therefore, the plaintiff is entitled to $467.62 per month in SEB payments.

Conclusion

For the above and foregoing reasons, the judgment of the trial court awarding plaintiff SEB is affirmed. The judgment is amended to award plaintiff $467.62 per month.
AFFIRMED AND AMENDED.