ON APPLICATION FOR REHEARING
PER CURIAM.
We deny rehearing, but clarify our decision to award plaintiff supplemental earnings benefits (SEB).
In our original opinion, we found that plaintiff was entitled to SEB because the city had no light duty for him to perform when he was released to return to work on August 25, 1989. The City filed application for rehearing, contesting this finding, contending that the plaintiff’s failure to return to work was caused by a massive lay-off of City workers which occurred during August of 1986. The City cites Miller v. Great Southern Oil and Gas Co., Inc., 503 So.2d 679 (La.App. 3d Cir.1987), writ denied 505 So.2d 1144 (La.1987), in which the court denied SEB to a plaintiff after the defendant proved that the injured worker’s failure to return to work was caused by a depressed job market.
Such proof is not present in the instant case. Plaintiff Shamp admitted at trial that he was laid off from his job with the City effective August 25, 1986. However, the defendants offered no evidence to indicate that the plaintiff’s lay-off was part of an extensive lay-off of City workers. Employees are laid off for a variety of reasons. Absent proof by the City that plaintiff’s lay-off was caused by economic hardship, the rule established by the Miller case does not control.